UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dexter Murray

**19** No. **CV 1959**

(To be filled out by Clerk's Office)

Write the full name of each plaintiff.

-against-

Wanda Guzman, Sharik Khan, Kyle Mondesir,

Wailong Wong, Dorian Dowe, Nathaniel

Herman, Melanie Soberal, Judge Guy Mitchel

Terrence Grifferty, (See Attached)

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☒ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/6/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dexter Murray,
          Plaintiff,

          - against -

                                                    **COMPLAINT**

                                                    JURY TRIAL
                                                    DEMANDED

                                                    Civ. No._____

Wanda Guzman (police), Sharik Khan (police),
Kyle Mondesir (police), Wailong Wong (police),
Dorian Dowe (police), Nathaniel Herman(police),
Willus Murray (Detective), Guy Mitchell (Judge),
Curtis Farber (Judge), Melanie Soberal (Prosecutor),
New York City Housing, NYCHA, Terrence Grifferty
(Lawyer), Eric Sokol (Lawyer), Jonathan Weiss
(Psychiatrist), Steven Ceric (Psychiatrist),
Bellevue Hospital, New York City Police Department,
New York County Supreme Court, New York Division of
Parole, Patricia Middleton (Parole Officer),
New York City Department of Correction, City Campaign
Finance Board, Erica Stephens (Ex-girlfriend), and
Kanica Tiffany Howard (Ex-girlfriend),
          Defendants.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☒ Violation of my federal constitutional rights 42 U.S.C §§ 1981, 1983, 1985(3)

☒ Other:   28 USCA § 1367 "Pendent Jurisdiction", "18 USCS §§ 241 & 242"

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| Dexter | K. | Murray |
|---|---|---|
| First Name | Middle Initial | Last Name |

**K. Dexter Murray**

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

4928863Z (NYSIS#), 86-B-0740 (DIN#), 349-16-04173, 349-16-08347

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Manhattan Detention Complex, 125 White Street, N.Y., N.Y. 10013

Current Place of Detention

Manhattan Detention Complex, 125 White Street, N.Y., N.Y. 10013

Institutional Address

| New York | N.Y. | 10013 |
|---|---|---|
| County, City | State | Zip Code |

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☒ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☒ Other:   "Parole"

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: **WANDA**               **GUZMAN**              **12370**
First Name                     Last Name                          Shield #

**Housing Police Officer**
Current Job Title (or other identifying information)

**221 E 123rd Street**
Current Work Address

**New York**              **N.Y.**              **10035**
County, City                          State                          Zip Code

Defendant 2:      **SHARIK**          **KHAN**              **20727**
First Name                     Last Name                          Shield #

**Housing Police Officer**
Current Job Title (or other identifying information)

**221 E. 123rd Street**
Current Work Address

**New York**              **N.Y.**              **10035**
County, City                          State                          Zip Code

Defendant 3:      **Kyle**          **MONDESIR**              **13466**
First Name                     Last Name                          Shield #

**Housing Police Officer**
Current Job Title (or other identifying information)

**59-17 Junction Blvd.**
Current Work Address

**Corona**              **N.Y.**              **11388**
County, City                          State                          Zip Code

Defendant 4:      **WAILONG**          **WONG**              **17573**
First Name                     Last Name                          Shield #

**Housing Police Officer**
Current Job Title (or other identifying information)

**221 E. 123rd Street**
Current Work Address

**New York**              **N.Y.**              **10035**
County, City                          State                          Zip Code

## DEFENDANT INFORMATION CONTINUATION

Defendant 5: **DORIAN                DOWE                 15586**
_____
First Name              Last Name                 Shield #

**Housing Police Officer**
_____
Current Job Title (or other identifying information)

**221 E. 123rd Street**
_____
Current Work Address

**New York                N.Y.            10035**
_____
County, City                State                   Zip Code

Defendant 6: **NATHANIEL           HERMAN              377**
_____
First Name              Last Name                 Shield #

**Housing Police Sergeant**
_____
Current Job Title (or other identifying information)

**221 E. 123rd Street**
_____
Current Work Address

**New York                N.Y.            10035**
_____
County, City                State                   Zip Code

Defendant 7: **WILLUS              MURRAY                375**
_____
First Name              Last Name                 Shield #

**Police Detective**
_____
Current Job Title (or other identifying information)

**120 E. 119th Street**
_____
Current Work Address

**New York                N.Y.            10035**
_____
County, City                State                   Zip Code

Defendant 8: **GUY     H.      MITCHELL**
_____
First Name              Last Name                 Shield #

**SUPREME COURT JUDGE**
_____
Current Job Title (or other identifying information)

**100 Centre Street,      Courtroom APR3**
_____
Current Work Address

**New York                N.Y.            10035**
_____
County, City                State                   Zip Code

Defendant Information Continuation

**Defendant 9:**

**CURTIS          FARBER**
First Name          Last Name          Shield #

**SUPREME COURT JUDGE**
Current Job Title (or other identifying information)

**100 Centre Street,   Courtroom: TAP-B**
Current Work Address

**New York          N.Y.          10013**
County, City          State          Zip Code

**Defendant 10:** **MELONIE      SOBERAL**
First Name          Last Name          Shield #

**Assistant District Attorney**
Current Job Title (or other identifying information)

**One Hogan Place**
Current Work Address

**New York,          N.Y.          10013**
County, City          State          Zip Code

**Defendant 11:** **New York City Housing Authority ("NYCHA")**
First Name          Last Name          Shield #

**478 East Fordham Road   2nd Floor**
Current Job Title (or other identifying information)

**Bronx          N.Y.          10458**
Current Work Address

**Bronx          N.Y.          10458**
County, City          State          Zip Code

**Defendant 12:** **TERRENCE      GRIFFERTY**
First Name          Last Name          Shield #

**PRIVATE ATTORNEY**
Current Job Title (or other identifying information)

**30 Wall Street  8th Floor**
Current Work Address

**New York,          N.Y.          10005**
County, City          State          Zip Code

page 3++

## Defendant Information Continuation

Defendant 13: **ERIC**          **SOKOL**

First Name          Last Name                    Shield #

**PRIVATE ATTORNEY**

Current Job Title (or other identifying information)

**901 Sheridan Avenue, Suite #2**

Current Work Address

**Bronx ,**               **N.Y.**          **10451**

County, City                    State                    Zip Code

Defendant 14: **JONATHAN**          **WEISS**

First Name          Last Name                    Shield #

**PSYCHIATRIST**

Current Job Title (or other identifying information)

**100 Centre Street   Room 500**

Current Work Address

**New York,**               **N.Y.**          **10013**

County, City                    State                    Zip Code

Defendant 15: **STEVEN**          **CIRIC**

First Name          Last Name                    Shield #

**PSYCHIATRIST**

Current Job Title (or other identifying information)

**100  Centre Street  Room 500**

Current Work Address

**New York,**               **N.Y.**          **10013**

County, City                    State                    Zip Code

Defendant 16: **BELLEVUE HOSPITAL CENTER**

First Name          Last Name                    Shield #

**ADMINISTRATIVE DEPT., LEGAL DIVISION**

Current Job Title (or other identifying information)

**462 First Avenue**

Current Work Address

**New York,**               **N.Y.**          **10016**

County, City                    State                    Zip Code

page 3+++

## Defendant Information Continuation

**Defendant 17:** NEW YORK CITY POLICE DEPARTMENT

First Name                   Last Name                   Shield #

PROTECT & SERVE THE COMMUNITY, "LEGAL BUREAU"

Current Job Title (or other identifying information)

One Police Plaza,  First Floor

Current Work Address

New York,                    N.Y.              10038

County, City                 State                     Zip Code

**Defendant 18:** NEW YORK COUNTY SUPREME COURT

First Name                   Last Name                   Shield #

NEW YORK COUNTY COURTHOUSE

Current Job Title (or other identifying information)

60 Centre Street

Current Work Address

New York,                    N.Y.              10007-1474

County, City                 State                     Zip Code

**Defendant 19 :** TINA    M.    STANFORD

First Name                   Last Name                   Shield #

NEW YORK BOARD OF PAROLE

Current Job Title (or other identifying information)

1220 Washington Ave.  Bldg. 2

Current Work Address

Albany                       N.Y.              12226

County, City                 State                     Zip Code

**Defendant 20 :** PATRICIA      MIDDLETON

First Name                   Last Name                   Shield #

PAROLE OFFICER

Current Job Title (or other identifying information)

314 West 40th Street

Current Work Address

New York,                    N.Y.              10018

County, City                 State                     Zip Code

## Defendant Information Continuation

**Defendant 21 :** NEW YORK CITY DEPARTMENT OF CORRECTIONS

| First Name | Last Name | Shield # |
|---|---|---|
| Cynthia Brann, Commissioner | | |

Current Job Title (or other identifying information)

75-20 Astoria Boulevard

Current Work Address

| County, City | State | Zip Code |
|---|---|---|
| East Elmhurst, | N.Y. | 11370 |

**Defendant 22 :** CITY CAMPAIGN FINANCE BOARD

| First Name | Last Name | Shield # |
|---|---|---|
| | | |

Law Department

Current Job Title (or other identifying information)

100 Church Street

Current Work Address

| County, City | State | Zip Code |
|---|---|---|
| New York, | N.Y. | 10007 |

**Defendant 23 :** ERICA           STEPHENS

| First Name | Last Name | Shield # |
|---|---|---|
| | | |

Ex-PARAMOUR/GIRLFRIEND

Current Job Title (or other identifying information)

50 Paladino Avenue,          Apartment #11-E

Current Work Address

| County, City | State | Zip Code |
|---|---|---|
| New York, | N.Y. | 10035 |

**Defendant 24 :** KANICA   TIFFANY   HOWARD

| First Name | Last Name | Shield # |
|---|---|---|
| | | |

Ex-PARAMOUR/GIRLFRIEND

Current Job Title (or other identifying information)

60 Paladino   Avenue,          Apartment # 3-D

Current Work Address

| County, City | State | Zip Code |
|---|---|---|
| New York, | N.Y. | 10035 |

page 3++++

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:   Wagner Projects, Bellevue, PSA5 Precinct, Court-
house, Parole, Rikers Island, 25th Precinct...

Date(s) of occurrence:   2015; 2016; March thru arrest April 6, 2016; July
2016 thru the present. Specific dates illustrated
by paragraph; see attached facts.

FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

" See Attached "

## BACKGROUND

Plaintiff is a New York City denizen who has resided in a peripatetic circumstance of homelessness on the streets of New York City and Brooklyn and Manhattan (Bellevue) Men's Shelters; who suffer from "Serious Mental Illness ("SMI")," who was recently incarcerated and charged with his fourth parole violation on a fabricated assault on a police officer charge, inter alia, and who is on parole on various charges following an aggregate illegal sentence of 20½ to 41 years.

Plaintiff is a victim of excessive use of force, sexual harassment/assault by his parole officer, unlawful arrest, false arrest, false imprisonment, malicious prosecution, prosecutorial misconduct, and constitutional violations.

## FACTS

1.) Plaintiff's "illegal sentence" on a violent "D" armed felony" conviction, "to straight five (5) years probation (indictment # 3557/83), in accordance with New York Criminal Procedure Law § 1.20 (41), was a violation of Plaintiff's constitutional rights, and was used to enhance his sentence as a predicate violent felony offender. Plaintiff continue to serve the unlawful aggregate "first degree attempted robbery (Ind. No. 3557/83) sentence, including his present status of parole, which expires in October 2025. Plaintiff had 20 years parole after his initial release beginning January 2005, his first year of release.

2.) Plaintiff was denied mental health treatment fourteen (14) years via New York City Division of Parole, albeit, he suffer from Serious Mental Illness and receive social security insurance benefits, following twenty-one years consecutive years incarceration, of which nine (9) years was in solitary confinement.

3.)  New York City Housing Authority (NYCHA) has arbitrarily and capriciously discriminated against Plaintiff based upon his parole status and mental health disability, only taking his 2010E housing applications into consideration if he also had a "drug problem." Plaintiff has not ever tested positive for any drug use his entire fourteen (14) years on parole.  Go Figure!  Plaintiff only began using drugs and drinking, so he would not have to be at the mercy of bum, low aspiration women like defendants alcoholic Kanica Howard and coke-head Erica Stephens, who exploited me for my social security benefits each month (to stay at their NYCHA apartments)("I paid them rent"), and they usurped my meager food stamp allotment.

4.)  Meanwhile female parole officer Patricia Middleton would sexually harass me by inappropriately touching of my person and violating drug testing procedures, by coming into the bathroom with me, making me pull out my penis in front of her and have me urinate in a cup.  P.O. Middleton sought to have rendevouz with me, which both my ex-girlfriends defendants Kanica Howard and Erica Stephens felt were an abuse of her power, and they suggested P.O. Middleton was trying to forge a sexual relationship with me.  Plaintiff informed his psychiatrist of his appre-hension toward his parole officer and his concerns she would violate him.

5.)  Defendant prosecutor Melanie Soberal coaxed Defendants: P.O. Wanda Guzman, P.O. Sharik Khan, P.O. Kyle Mondesir, P.O. Wailong Wong, P.O. Dorian Dowe and defendant sergeant Nathaniel Herman to file false police reports, falsely testify at Plaintiff's trial, and charge him with assault of police officer Guzman; albeit P.O. Guzman told Emergency Medical Technicians that she sustained her alleged injuries by a car. Defendant sergeant Herman sought to endorse P.O. Guzman's false claim of assault by filing for inline duty injury compensation.

6.) Defendant prosecutor Melanie Soberal also dismissed a myriad of charges (docket #2016NY022821) which defendant Erica Stephens falsely claim Plaintiff committed against her, resulting in his arrest and incarceration, and generating an order of protection, which Erica Stephens later recanted to defendant Soberal during a proffer of evidence. Plaintiff provided his "half-price Disability Metro Card" to defendant Soberal as exculpatory evidence which she failed to return.

7.) Prior to the dismissal of Plaintiff's original case which generated the order of protection, defendant Soberal conspired with defendant Guzman and the NYPD to charge Plaintiff with a felony assault, since she could not convict him on the earlier burglary and robbery charge he was never indicted for. Defendant Soberal knowingly, maliciously prosecuted Plaintiff on a felony charge she had to know he was innocent of based on the exculpatory nature of the medical evidence in her possession, causing Plaintiff to remain incarcerated for thirty-one (31) consecutive months.

8.) Defendant Parole attorney Eric Sokol placement of Plaintiff on the "k-calendar" without his permission was cruel and unusual punishment, and a violation of plaintiff's constitutional rights to due process and equal protection of the law. Plaintiff's final revocation hearing was not completed in 90 days in violation of Executive Law § 259-i(3)(f)(i). Plaintiff remained on the k-calendar for over two consecutive years without explanation. Plaintiff's 730 psychiatric evaluation was not determined until five (5) months after it was ordered by the superior court, in violation of Executive Law § 259-i(3)(f)(12).

9.) Defendants psychiatrists Steven Ciric and Jonathan Weiss violated my constitutional rights to receive a fair and impartial 730 psychiatric evaluation, by falsely claiming I said things which I did

not say, and being partial to the courts by stating I was exaggerating my mental illness, in effort to get an alternative to incarceration plea bargain deal.  Plaintiff's rights were violated where there is no record whatsoever of the psychiatric 730 evaluation.  Plaintiff served nine (9) years in solitary confinement during his twenty-one (21) consecutive years of incarceration, which is why he receives social security insurance benefits.  Defendants Ciric and Weiss sought to undo thirty (30+) plus years of mental health treatment, by merely suggesting Plaintiff is malingering, lest he go **postal** and cause death of himself or others.

10.)  Defendant Bellevue Medical Hospital and staff falsely claim Plaintiff was examined at the behest of New York City Police Department (NYPD) alleging he wanted to commit suicide.  Plaintiff was injured by the NYPD excessive use of force where defendant P.O. Kyle Mondesir placed him in an illegal ("banned") choke-hold, and defendant Sharik Khan kneed him in the groin area; plaintiff also sustained other injuries which Bellevue failed to acknowledge or address. Plaintiff was not taken to the hospital for his injuries until <u>after</u> he was arraigned on the assault and contempt of court charges, in violation of his constitutional rights.  Plaintiff was only given psychotropic medication at Bellevue Hospital, and discharged to the NYPD.

11.)  Defendant Terrence Grifferty and Defendant **Judge** Guy Mitchell waived plaintiff's rights to a preliminary hearing in violation of his statutory rights pursuant to Criminal Procedure Law (CPL) §§ 180.10, 180.60 and 180.70(4).  New York City detainees via Defendant: "New York Supreme Court" through its agents, employees, officers, under the doctrine of Respondeat Superiori, discriminate against detainees charged with New York penal code offenses, and are deprived of Preliminary Hearings, which are <u>critical</u> <u>stages</u> of the proceedings, as well waiving accused rights to testify before the grand jury.  Meanwhile county courts outside the New York City area afford citizens these rights.  This is discrimination based on race, 42 USC § 1981 and 18 USC §§ 241 and 242.

12.)   Defendant Judge Curtis Farber denied me the right to a Preliminary Hearing in violation of Coleman v. Alabama, 399 U.S. 1, as it pertain to my statutory right to determine whether there was probable cause to hold me over for the grand jury.  And to allow Defendant Terrence Grifferty to waive my rights to testify before the grand jury-- with impunity--is tantamount to a six amendment constitutional violation, in New York county where there aren't many african american perspective jurors to select from.  Plaintiff risked his life exercising his right to trial in New York county.

13.)   Defendant Judge Curtis Farber also violated my constitu- tional right to represent myself "Pro Se" in violation of United States Supreme Court precedent in Faretta v. California, 422 U.S. 806, and New York Court of Appeals precedent People v. McIntyre, 36 N.Y. 2d 10. Further Judge Farber stated, absent prudence and fortitude, that he was assigning a counsel who was a  ..."perfect fit" for me, and lo and behold I am confronted with an african american lawyer, implying that a caucasian lawyer would not be capatible with me because I am african american.

14.)   New York City Department of Corrections released and discharged Plaintiff (Book & Case #349-16-04137) on July 22, 2016 with- out his psychotropic drugs, in violation of the settlement between Brad H and New York City DOCS.  Plaintiff who suffer Schizoaffective disorder ("I hear voices if I am not medicated") and Bipolar disorder, and Paranoid Personality disorder, which include Post Traumatic Stress Disorder ("PTSD"), began to self-medicating: snorting cocaine, drinking alcohol, smoking K2 and Marijuana, resulting in Plaintiff being arrested five (5) days after posting bail on docket #2016NY022821.

15.)  Defendant NYCDOCS caused plaintiff to gain sixty (60) pounds from the poor quality of food and sedentary lifestyle, resulting in him developing diabetes.  Plaintiff wrote DOCS personnel for reasonable accommodation for his tingling, painful feet from the "Pataki sneakers" which does not offer sufficient support, but was denied his personal sneakers.  Since transferring to Manhattan Detention Complex ("MDC") from Robert N. Davoren Center ("RNDC") plaintiff received inadequate mental health services and had to complain via grievances about not receiving his psychotropic medication, and being issued the wrong medication, and beingsprayed with "MK9 Pepper spray on two occasions, marking that plaintiff has been sprayed with MK9 on four  (4) occasions in thirty-one (31) months, thus, subjecting him to cruel and unusual punishment, although he has not recieved a misbehavior report his entire two and a half years awaiting trial.

16.)  Defendant Detective Willus Murray of the 25th Precinct unholstered his service weapon at PSA5 housing police station and pointed it at plaintiff, while he was in the holding cell, and threatened him to stay away from Defendant Kanica Howard.  Defendant Kanica Howard told plaintiff in a jail-telephone-recorded-conversation she was in a sexual relationship with Defendant Detective Murray.  Defendant Detective Murray refused to arrest Defendant Erica Stephens, for stealing plaintiff's identity and obtaining at least two credit cards, in violation of his constitutional rights.  Defendant Erica Stephens disbursed out of plaintiff's debit account approximately $2,500.00, without his permission.

17.) Defendant Erica Stephens made false allegations against Plaintiff, getting him arrested so she could steal his identity and personal property .  The personal property stolen was a Hewlett Packard 17 inch laptop; a samsung Galaxy Note 3 cellphone and approximately $2,300.00 in cash.  Defendant Stephens also scratched ("keyed") Plaintiff's vehicle and repeatedly threatened him with parole violation, if he did not have sex with her, or give her money to purchase illicit drugs, i.e., cocaine, crack cocaine, ecstacy, K2 and marijuana.

18.) Plaintiff's ex-paramour Defendant Kanica Howard provided false allegations to her new "beau" Defendant Detective Murray, alleging Plaintiff was evicted from his cousin's/aunt's house because he molested his cousin; Defendant Howard also refused to return Plaintiff's Samsung smart televsion, Roku 3 and Google chromecast streaming devices, his wireless hands-free head set and lied to a known neighborhood gang member -- Defendant Erica Stephens' son, asserting plaintiff wanted to kill the gang members' daughter. Defendant Howard did this in effort to get gang members to kill plaintiff, in violation of his civil rights.

19.) Defendant Kanica Howard also falsely accused Defendant Erica Stephens of brandishing a knife and threatening her and her daughter resulting in Defendant Erica Stephens being arrested for various charges, including meancing and endangering the welfare of a child. Defendant Kanica Howard did this of her own volition, so she could get plaintiff's ex-paramour Defendant Erica Stephens out the way, while she enjoyed a sexual relationship with plaintiff; so she could set him up and exploit his vulnerabilies.

20.) It is this plaintiff's belief that Defendant Kanica Howard received two (2) U.S. Direct Express debit cards, in plaintiff's name: mailed to Defendant Erica Stephens house, but forwarded to Defendant Howard's address via United Parcel Services ("UPS") or Fed Ex. And once Defendant Howard received the debit/credit cards, she began disbursing monies/funds from the account, all while suggesting to Plaintiff (who was locked up on Riker's Island from April 6, 2016 to July 22, 2016), that Defendant Erica Stephens was responsible. Defendant Howard should be charged with identity thief, grand larceny, mail fraud and conspiracy to commit murder. Plaintiff is in the process of getting an order of protection for Defendant Kanica Howard.

21.) Defendant City Campaign Finance Board and New York City Department of Correction Services conspired to disenfranchise minority inmates serving parole.  Governor Andrew Cuomo on April 2018 signed an executive order allowing people on parole the right to vote.  Plaintiff registered to vote October 2018, as did others similarly situated parolees; however, when Election Day November 6, 2018 arrived Defendant NYCDOCS personnel failed to provide absentee ballots for Plaintiff, albeit, other parole restrained detainees were allowed to vote. This was a denial of plaintiff's constitutional rights, and was discriminatory in violation of 18 USC §§ 241 and 242.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Injury to right wrist & left hand, and left ankle; kicked in groin, "placed in illegal choke-hold ("strangled") subject to excessive use of force; mental anguish; cruel & unusual punishment; false arrest; false imprisonment; malicious prosecution; civil right violations; threatened with a gun; deliberate indifference to medical needs; denied mental health treatment; denied statutory and constitutional rights; victim of identity thief, sexual harrassment, et. cetera.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

Injunctive Relief; Temporary Restraining Order; Compensatory Damages; Nominal Damages; counsel and reprimand defendants and admonish and direct caveats of terminations if accused of any future impropriety. Plaintiff want to be awarded: "three hundred and fifthty thousand dollars ($350,000.00). The Court should direct that Defendants Erica Stephens and Defendant Kanica Howard be required to return plaintiff's personal property and the court impose a five (5) year order of protection.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| February 23, 2019 | | |
| --- | --- | --- |
| Dated | Plaintiff's Signature | |
| Dexter | K. | Murray |
| First Name | Middle Initial | Last Name |
| 125 White Street, Manhattan Detention Complex | | |
| Prison Address | | |
| New York | N.Y. | 10013 |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: **February 23, 2019**

Page 6

Murray #349-16-08347

an Detention Complex

ite Street

<, N.Y. 10013

Prose

EK.

United States District Court

Southern District of New York

U.S. Court House

500 Pearl Street