UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEXTER MURRAY,

                              Plaintiff,

              -against-

WANDA GUZMAN, *et al.*,

                              Defendants.

19-CV-1959 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated March 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] At the time Plaintiff filed this complaint, he was detained at the Manhattan Detention Complex. But according to New York City Department of Correction (DOC) records, he was released on March 4, 2019.

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: Plaintiff, who is seriously mentally ill, has been under New York State parole supervision for twenty years. Under indictment #3557/83, Plaintiff was sentenced in 1999 or 2000. In 2005, the New York State Department of Corrections and Community Supervision (DOCCS) released Plaintiff to parole. In 2016, Plaintiff was arrested and charged under docket #2016NY022821.

Since Plaintiff's first arrest, he has served 21 years of incarceration, and 9 of those years he served in solitary confinement. During this time, Defendants violated his rights as follows:

1. The New York City Division of Parole (DOP) denied Plaintiff mental health services.

2. The New York City Housing Authority (NYCHA) discriminated against Plaintiff based on his parole status and mental health disability.

3. Parole Officer Patricia Middleton sexually harassed Plaintiff "by inappropriately touching of my person and violating drug testing procedures, by coming into the bathroom with me, making me pull out my penis in front of her and make me urinate in a cup." (Comp. at 12.)

4. Assistant District Attorney (ADA) Melanie Soberal "coaxed" Housing Police Officers Wanda Guzman, Sharik Khan, Kyle Mondesir, Wailong Wong, Dorian Dowe and Sergeant Nathaniel Herman "to file false police reports, falsely testify at Plaintiff's trial, and charge him with assault of police officer Guzman." (*Id.*)

5. ADA Soberal dismissed charges arising out of a 2016 criminal proceeding where Erica Stephens, a complaining witness and Plaintiff's ex-girlfriend, testified falsely.

6. ADA Soberal also conspired with Guzman and the New York City Police Department (NYPD) "to charge Plaintiff with a felony assault, since she could not convict him on the earlier burglary and robbery charge he was never indicted for." (*Id.* at 13.)

7. Parole attorney Eric Sokol's placing Plaintiff on the "k-calendar" was cruel and unusual punishment; Plaintiff remained on the k-calendar for two years; his N.Y. Crim. Proc. L. § 730 psychiatric examination was not determined under 5 months after it was ordered, in violation of N.Y. Exec. L. § 259-i(3)(f)(12).

8. Psychiatrists Steven Ciric and Jonathan Weiss violated Plaintiff's rights during the § 730 examination "by falsely claiming I said things which I did not say." (*Id.* at 13-14.)

9. Bellevue Medical Hospital and its staff "falsely claim[ed] Plaintiff was examined at the behest of . . . NYPD[ ] alleging he wanted to commit suicide." (*Id.* at 14.)

10. P.O. Kyle Mondesir placed Plaintiff "in an illegal ('banned') choke-hold, and defendant Sharik Khan kneed him in the groin area." (*Id.*)

11. Terrence Grifferty, a private lawyer, and Judge Guy Mitchell "waived plaintiff's rights to a preliminary hearing." (*Id.*)

12. Judge Curtis Farber denied Plaintiff the right to a preliminary hearing and to proceed *pro se*. (*Id.*)

13. DOC released Plaintiff on July 22, 2016, without his psychotropic drugs, in violation of the [state court] settlement between Brad H and DOC.[2]

14. DOC caused Plaintiff to gain 60 pounds and develop diabetes during his DOC detention. DOC also failed to treat his mental illness and correctional staff pepper-sprayed him four times in a 31-month period.

15. Detective Willus Murray pointed his pistol at Plaintiff while Plaintiff was in a holding cell at the 25th Precinct and told Plaintiff to stay away from Kanica Howard, Plaintiff's ex-girlfriend. Howard provided Murray with false claims about Plaintiff. Howard also told Plaintiff, when he was in DOC custody, that "she was in a sexual relationship with . . . Murray." (*Id.* at 16.)

16. Stephens and Howard separately stole Plaintiff's identity, and Murray refused to arrest Stephens.

17. City Campaign Finance Board and DOC "conspired to disenfranchise Plaintiff and other "minority inmates serving parole." Plaintiff registered to vote in October 2018 while in DOC custody, but DOC failed to provide absentee ballots.

According to DOC records, Plaintiff was arrested on July 27, 2016, on charges of aggravated harassment and intentional damage to property. *See Murray*, No. 2016NY045495. On March 4, 2019, the matter was adjourned in contemplation of dismissal under N.Y. Crim. Proc. L. § 170.55. *See id.* While the matter was pending, Plaintiff was in DOC custody.

---

[2] *See Brad H. v. City of New York*, 17 N.Y.3d 180 (2011).

Plaintiff seeks money damages and injunctive relief.

## DISCUSSION

**A.      Claims that may not proceed**

**1.      Claims brought Judges Guy Mitchell and Curtis Farber**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Because Plaintiffs claims against Judges Guy Mitchell and Curtis Farber concern their judicial conduct, they are absolutely immune from this suit. Thus, the Court dismisses them from this action. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2. Claims brought against ADA Soberal

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendant ADA Soberal are based on actions within the scope of her official duties and associated with the judicial phase of the criminal process. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### 3. Claims brought against New York Supreme Court, New York County

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because the New York Supreme Court, New York County, is part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.").[3] The Court therefore dismisses Plaintiff's § 1983 claims against one of the courts of the New York State Unified Court System. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**4.    Claims brought against Tina Stafford**

Plaintiff names as a defendant Tina Stafford, a New York State Board of Parole Member, but he does not assert any facts suggesting that she violated his rights. In any event, because this defendant is New York State official, she is immune from this suit under the Eleventh Amendment.

As "[t]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents," *id.*, Plaintiff's § 1983 claims against Stafford are barred by the Eleventh Amendment and are dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii).

**5.    Claims brought against psychiatrists Drs. Jonathan Weiss and Steven Ciric**

Plaintiff alleges that Drs. Weiss and Ciric falsely claimed that he said things during his § 730 examination. This allegation suggests that Plaintiff is suing these defendants for conduct

---

[3] Moreover, a State or state agency is not considered a "person" for purposes of a § 1983 claim. *See Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for purposes of a § 1983 claim).

arising out of court-ordered evaluations pursuant to New York Criminal Procedure Law § 730.30(1).[4] But these defendants, who are private actors, are immune from suit for their conduct.

"A private actor may be afforded the absolute immunity ordinarily accorded judges acting within the scope of their jurisdictions if his role is 'functionally comparable to that of a judge,' . . . or if the private actor's acts are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein,* 377 F.3d 157, 172–73 (2d Cir. 2004) (internal citations and quotation marks omitted). For example, immunity may attach to non-judicial officers and employees where the individual serves as an "arm of the court," *Scotto v. Almenas,* 143 F.3d 105, 111 (2d Cir. 1998) (quoting *Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir. 1987)), or where the individual conducts "activities that are inexorably connected with the execution of [court] procedures and are analogous to judicial action," *id.* (quoting *Wilson v. Kelkhoff,* 86 F.3d 1438, 1444 (7th Cir. 1996)).

Courts in this Circuit have applied quasi-judicial immunity to medical professionals who conduct court-ordered examinations and prepare reports pertaining to a defendant's competency to stand trial. *See, e.g.*, *Walton v. Rubel*, No. 16-CV-1989, 2018 WL 3369664, at *3 (E.D.N.Y. July 10, 2018) (collecting cases); *Inesti v. Hicks*, No. 11-CV-2596 (PAC)(AJP), 2012 WL 2362626, at *16 (S.D.N.Y. June 22, 2012), *report and recommendation adopted by* 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Absolute immunity has extended to . . . court-appointed doctors and psychiatrists. . . ."), *aff'd*, 434 F. App'x 32 (2d Cir. 2011).

---

[4] Under New York law, when a court believes that a defendant may be incapacitated, it "must issue an order of examination" to determine whether the defendant is competent to stand trial. *See* N.Y. Crim. Proc. L. § 730.30(1).

As Plaintiff's claims against Drs. Weiss and Ciric arise from actions they took in connection with court-ordered competency examinations or proceedings, the Court concludes that they are immune from suit and dismisses all claims brought against them. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**6.  Claims brought against Housing Police Officers**

Witnesses, including police officers, are absolutely immune from liability based on false testimony at trial. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Moreover, a police officer who testifies before a grand jury is like any other witness and therefore entitled to absolute immunity for testifying falsely. *Rehberg v. Paulk,* 132 S. Ct. 1497, 1500 (2012) ("It would be anomalous to permit a police officer testifying before a grand jury to be sued for maliciously procuring an unjust prosecution when it is the prosecutor, who is shielded by absolute immunity, who is actually responsible for the decision to initiate a prosecution.").

Plaintiff alleges that Housing Police Officers Guzman, Khan, Mondesir, Wailong Wong, Dowe, and Sergeant Herman testified falsely during an unspecified criminal proceeding. Because these defendants are absolutely immune from liability for their testimony, Plaintiff's claims against these defendants regarding this false testimony claim are dismissed.

Plaintiff's claim that ADA Soberal conspired with Guzman and the NYPD to bring new charges is dismissed as well. To the extent Guzman testified at any criminal proceeding related to the new charge, she is absolutely immune from liability for her testimony.

As Plaintiff does not assert any other claims against Guzman, Wong, Dowe, and Herman, the Court dismisses these defendants from the action. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**7.  Claims brought against private attorneys Terrence Grifferty and Eric Sokol**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private

parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendants Grifferty and Sokol are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under § 1983. The Court therefore dismisses them from the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 8. Claims brought against NYPD, DOP, and DOC

Plaintiff's claims against the NYPD and the DOP must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also*

*Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD, the DOP, and the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**9.      Claims brought against Bellevue Hospital Center**

Bellevue Hospital Center, which is part of the New York City Health + Hospitals ("H+H"), is not a suable entity. H+H has the capacity to be sued under state law. *See* N.Y. Unconsol. L. § 7385(1). In light of Plaintiff's *pro se* status and clear intention to assert claims against H+H, the Court construes the complaint as asserting claims against H+H and directs the Clerk of Court to amend the caption of this action to replace the Bellevue Hospital Center with the New York City Health + Hospitals. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**10.      Claims brought against City Campaign Finance Board (CCFB)**

Plaintiff alleges that while in DOC custody, DOC and CCFB prevented him from voting on November 6, 2018, after he had registered to vote in October 2018. But the CCFB is not the proper defendant, as the CCFB does not handle absentee ballots. Rather, the New York City Board of Elections provides absentee ballots. *See, e.g.*, *Wingate v. Horn*, No. 05-CV-2001 (LTS) (HBP), 2007 WL 30100, at *3 (S.D.N.Y. Jan. 4, 2007) (noting that the plaintiff claims that the Board of Elections failed to provide absentee ballots for a 2004 election).

The Court therefore dismisses Plaintiff's claims against the CCFB for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**      **Claims that the Court grants Plaintiff leave to amend**

      **1.**      **Claims brought against the City of New York**

Plaintiff alleges that the City of New York (1) denied him mental health services while he was on parole; (2) pepper-sprayed him while he was in DOC custody; (3) failed to treat his mental illness while he was in DOC custody; and (4) provided him with a diet that caused him to gain 60 pounds and gave him diabetes. But Plaintiff does not state when any of these events took place or identify any individuals who were involved. The Court therefore grants Plaintiff leave to state facts in support of these claims.

The Court also grants Plaintiff leave to assert facts in support his claim that DOC officials failed to provide him with an absentee ballot for the November 6, 2018 election, including whether he requested an absentee ballot and from whom.

      **2.**      **Claim brought against Parole Officer Patricia Middleton**

Plaintiff asserts that Parole Officer Patricia Middleton sexually harassed him, but he does not assert when or where this occurred. The Court therefore grants Plaintiff leave to amend this claim to assert more facts regarding this claim.

      **3.**      **Claim brought against Mondesir and Khan**

Plaintiff asserts that Housing Police Officers Mondesir and Khan used excessive force against him, but he does not state when or where these defendants used this force. The Court therefore grants Plaintiff leave to amend this claim to assert more facts regarding this claim.

      **4.**      **Claims brought against H+H**

Plaintiff asserts that staff at Bellevue Hospital falsely stated that Plaintiff wanted to commit suicide, a false allegations that led to the ordering of a psychiatric examination. The Court is inclined to dismiss this claim because Plaintiff does not state any facts suggesting his constitutional rights were violated. But given Plaintiff's *pro se* status, the Court grants him leave

to amend this claim to provide more facts and to name any individuals who he claims violated his rights.

5.    **Claims brought against complaining witnesses Erica Stephens and Kanica Tiffany Howard**

A "complaining witness," that is, a person who makes the decision to press criminal charges, is *not* absolutely immune for wrongfully initiating the criminal process, such as by submitting a false affidavit in support of an arrest warrant. *See Malley v. Briggs*, 475 U.S. 335, 340 (1986); *Kalina v. Fletcher*, 522 U.S. 118, 129-31 (1997). The Court therefore grants Plaintiff leave to facts showing that Stephens and Howard wrongfully initiated a criminal process against him.

6.    **Claims brought against Detective Murray Willus**

Plaintiff asserts that Willus threatened him by pointing a pistol at Plaintiff while Plaintiff was in a holding cell. He also implies that Willus was involved in Plaintiff's arrest, which was based on information supplied to Willus from complaining witness and ex-girlfriend, Howard. The Court construes this allegation as asserting a claim of false arrest and grants Plaintiff leave to state facts regarding the arrest, including the date he was arrested and the status of those charges. The Court also grants him leave to assert more facts in support of his claim that Willus threatened him.

7.    **Claims brought against NYCHA**

The Court construes Plaintiff's allegations that NYCHA discriminated against him because of his mental health disability as raising a claim under the Fair Housing Amendments Act (FHAA) of 1988. Under the FHAA, landlords may not "discriminate against any person in the terms, conditions, or privileges of . . . [the] rental of a dwelling, or in the provision of services o[r] facilities in connection with such dwelling, because of a handicap of that person."

42 U.S.C. § 3604(f)(2)(A). The Court grants Plaintiff leave to state facts in support this claim, detailing the nature of NYCHA's discrimination, including when and specifically how NYCHA discriminated against him.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is also directed to add to the caption of the complaint as defendants the City of New York and the New York City Health + Hospitals (H+H).

The Court grants Plaintiff leave to file an amended complaint naming as defendants the City of New York, NYCHA, H+H, Middleton, Mondesir, Khan, Willus, Stephens, and Howard.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-1959 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses from the action: Judge Guy Mitchell, Judge Curtis Farber, ADA Soberal, Terrence Grifferty, Eric Sokol, Dr. Jonathan Weiss, Dr. Steven Ciric, Wanda Guzman, Wailong Wong, Dorian Dowe, Nathaniel Herman, the NYPD, the DOP, the DOC, Bellevue Hospital Center, the CCFB, the New York Supreme Court, New York County, and Tina Stafford from this action. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   April 17, 2019
           New York, New York

_____

COLLEEN McMAHON
Chief United States District Judge

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

# AMENDED

# COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

Street Address

| County, City | State | Zip Code |
| --- | --- | --- |

| Telephone Number | Email Address (if available) |
| --- | --- |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name               Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City               State        Zip Code

Defendant 2:

_____

First Name               Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City               State        Zip Code

Defendant 3:

_____

First Name               Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City               State        Zip Code

Defendant 4: _____

    First Name              Last Name

_____

    Current Job Title (or other identifying information)

_____

    Current Work Address (or other address where defendant may be served)

_____

    County, City           State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.