UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEXTER MURRAY,

                          Plaintiff,

          -against-

NEW YORK CITY, *et al.*,

                          Defendants.

19-CV-1959 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated April 17, 2019, the Court granted Plaintiff leave to file an amended

complaint. (ECF No. 7.) In the original complaint, Plaintiff had raised 17 claims, most of them

unrelated to each other and against immune defendants and private parties. On June 17, 2019,

Plaintiff filed his amended complaint, naming suable defendants, but the amended complaint still

raised mostly unrelated claims. For the reasons set forth below, the Court dismisses some of

Plaintiff's claims under *Heck v. Humphrey*, orders him to show cause why other claims should

not be dismissed as untimely, and dismisses most of the remaining claims without prejudice to

Plaintiff's reasserting those claims in new civil actions.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In the amended complaint, Plaintiff brings the following claims:

(1) Plaintiff's two sentences from the 1980s were illegal. (Am. Compl. ¶¶ 1, 2.)

(2) After Plaintiff's release from state custody in 2005, and up until the present, the New York State Department of Corrections and Community Supervision (DOCCS) has denied him mental health services ("inadequate mental health treatment claims"). (*Id.* ¶ 3.)

(3) In 2015 and 2016, Defendant Parole Officer Patricia Middleton sexually harassed Plaintiff by observing him while he submitted to urine tests ("sexual harassment claims"). (*Id.* ¶ 4.)

(4) In 2005, the New York City Housing Authority (NYCHA) denied Plaintiff a Section 8 apartment for approximately six months based on his mental illness and his felony conviction ("housing discrimination claims"). (*Id.* ¶ 5.)

(5) On April 6, 2016, unnamed police officers falsely arrested Plaintiff based on Defendant Erica Stephens' false claims of assault by Plaintiff. On July 22, 2016, all charges were dismissed ("April 6, 2016 claims"). (*Id.* ¶¶ 6, 13.)

(6) On July 27, 2016:

    a. unnamed police officers falsely arrested Plaintiff and charged him with assaulting a police officer; the charges were ultimately dismissed ("July 27, 2016 claims"). (*Id.* ¶ 7.)

    b. Defendants Wanda Guzman, Kyle Mondesir, Sharik Khan, and Dorian Dowe, all police officers, assaulted Plaintiff while Defendant Sergeant Nathaniel Herman watched ("July 27, 2016 claims"). (*Id.*)

    c. Defendant Detective Willus Murray warned Plaintiff to stay away from complaining witness, Defendant Kanica Howard, who accused Plaintiff of harassing her; the harassment charges that were brought against Plaintiff were ultimately dismissed ("July 27, 2016 claims"). (*Id.* ¶ 9.)

    d.  New York City Health + Hospitals (H+H) conspired with the New York City Police Department by falsely claiming that Plaintiff was not injured from the assault perpetrated by the police officers ("July 27, 2016 claims"). (*Id.* ¶14.)

(7)  While in the custody of the New York City Department of Correction (DOC) for 31 months, until March 4, 2019:

    a.  John Doe correction officers sprayed Plaintiff at least four times ("conditions-of-confinement claims"). (*Id.* ¶ 10.)

    b.  Plaintiff's diet caused him to gain 60 pounds and develop diabetes ("conditions-of-confinement claims"). (*Id.* ¶¶ 11, 15.)

    c.  Rikers Island staff discharged him without medication, including psychotropic drugs ("conditions-of-confinement claims"). (*Id.* ¶¶ 11, 16.)

(8)  On March 5, 2019, after being admitted to H+H's Bellevue Shelter (Bellevue), Plaintiff lived in "deplorable conditions." Also, during this two-week stay, a rat bit him. He then was transferred to another shelter where the conditions were worse ("shelter claims"). (*Id.* ¶¶ 12, 17-18.)

(9)  The New York City Board of Elections (BOE) denied him the right to vote by absentee ballot ("election claims"). (*Id.* ¶ 19.)

On March 4, 2019, Plaintiff was released from custody. But because he was a prisoner at the time that he filed this action, this case is subject to the restrictions set forth in 28 U.S.C. § 1915(g). *See generally Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'").

## DISCUSSION

**A.   The Court dismisses Plaintiff's claims related to his criminal convictions**

Because Plaintiff admits that he was convicted of criminal charges in the 1980s, and he does not allege that the convictions were reversed, expunged, or otherwise declared invalid, the Court must dismiss any § 1983 claims arising out of these convictions. These claims are barred

by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87

("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment,

or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of *habeas*

*corpus*[.]").

Because success on Plaintiff's § 1983 claims would necessarily imply the invalidity of

his conviction, and because Plaintiff has not alleged that his conviction was overturned or

otherwise invalidated, *Heck*'s favorable termination rule bars these claims for money damages.

*See, e.g.*, *Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17,

2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a

fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's § 1983

claims arising out of his conviction for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.    The Court directs Plaintiff to show cause why his claims of sexual harassment, housing discrimination, and inadequate mental health treatment should not be dismissed as untimely**

Plaintiff's § 1983 claims of sexual harassment, housing discrimination, and inadequate

mental health treatment may be time-barred. The statute of limitations for § 1983 claims is found

in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City*

*of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50

(1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims

generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of

the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

### (1) Sexual Harassment[1]

Plaintiff states that Middleton sexually harassed him on four occasions in 2015 and 2016.

He filed the complaint on February 27, 2019, so any claims that accrued before February 27,

2016, are untimely. [2]

"[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted." *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651

F.3d 280, 293 (2d Cir. 2011)). Because the failure to file an action within the limitations period is

an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed.

*See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where

the existence of an affirmative defense, such as the statute of limitations, is plain from the face of

the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d

Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v.*

---

[1] A probationer may state a claim that a probation officer violated his rights during a urine test, depending on the circumstances of the case. *See generally Baker v. Welch*, No. 03-CV-2267 (JSR) (AJP), 2003 WL 22901051, at *20 (S.D.N.Y. Dec. 10, 2003) (holding that in context of monitoring urine tests, "the balance should be struck to allow incidental and obscured viewing but prohibit regular and close viewing").

[2] The Court notes that untimely claims of sexual harassment may be introduced as evidence in a case involving timely claims.

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The Court therefore orders Plaintiff to show cause by declaration why his sexual harassment claims that accrued before February 27, 2016, should not be dismissed as untimely. In the declaration, Plaintiff must state the four dates in which Middleton allegedly sexually harassed him.

The Court also directs Plaintiff to show cause why the statute of limitations should be equitably tolled for those claims that accrued before February 27, 2016. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired.[3] *See Pearl*, 296 F.3d at 82-83.

---

[3] New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *see, e.g.*, *Gardner v. Wansart*, No. 05-CV-3351 (SHS), 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

**(2) Housing Discrimination**

Plaintiff's housing discrimination claims occurred in 2005, when Plaintiff was released from state custody; he therefore had until 2008 to file these claims. The Court therefore directs him to show cause why these claims should not be dismissed as untimely.

**(3) Inadequate mental health treatment**

Plaintiff asserts that his claims of inadequate mental health treatment arose in 2005, when he was released from DOCCS custody, and continue into the present. He also asserts that he was incarcerated for 31 months at Rikers Island and then released on March 4, 2019. His claims of inadequate mental health treatment therefore arose in 2005, and continued up until his Rikers' detention, some time in August 2016. Plaintiff filed his complaint on February 27, 2019, so the claims that arose from 2005, until February 27, 2016, are time-barred. The Court therefore directs Plaintiff to show cause that the statute of limitations should be equitably tolled for these claims.

As for any timely claims that arose after February 27, 2016, up until Plaintiff's DOC custody in August 2016, Plaintiff fails to state a claim showing that he is entitled to relief.

Generally, a state's duty to provide care and safety ends when an individual is no longer in custody, *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989). While some courts in this district have suggested that a state *may have* a limited duty under certain circumstances for the continuing care and safety of a person following the release from custody, *see e.g.*, *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 115 (N.D.N.Y. 2000) ("The State has a duty to provide medical services for an outgoing [paroled] prisoner who is receiving continuing treatment at the time of his release for the period of time reasonably necessary for him to obtain treatment on his own behalf."); *Charles v. Cnty. of Orange, N.Y.*, No. 16-CV-5527 (NSR), 2017 WL 4402576, at *9 (finding that a special relationship did exist for a limited period of time

between the state and civil detainees released from immigration detention, who required mental health care upon their release),

The complaint does not state any facts showing that DOCCS had a duty to provide Plaintiff with mental health treatment in 2016, after releasing him from custody eleven years earlier. The Court therefore dismisses, for failure to state a claim, Plaintiff's inadequate mental illness treatment claims that accrued after February 27, 2016.

**C.    The Court dismisses without prejudice Plaintiff's conditions-of-confinement claims, shelter claims, and election claims**

Plaintiff may proceed with the following unrelated claims, but not in the same lawsuit: (1) the April 6, 2016 claims; (2) the July 27, 2016 claims; (3) the conditions-of-confinement claims; (4) the shelter claims; and (5) the election claims. Because these claims are not related to each other, the Court dismisses the conditions-of-confinement claims, the shelter claims, and the election claims without prejudice to Plaintiff's filing new civil actions raising those claims.[4]

**D.    Department of Homeless Services (DHS)**

Plaintiff's claims against DHS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

---

[4] Although the April 6, 2016, and July 27, 2016 claims arose on different dates, some of the claims share some of the same set of facts.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court directs Plaintiff to show cause by declaration why his sexual harassment claims, housing discrimination claims, and his inadequate mental health treatment claims should not be dismissed as time-barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within thirty days of the date of this order and label the document with docket number 19-CV-1959 (CM). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, his sexual harassment claims, housing discrimination claims, and his inadequate mental health treatment claims will be dismissed as time-barred.

The Court dismisses Plaintiff's conditions-of-confinement claims, shelter claims, and election claims without prejudice to Plaintiff's reasserting these claims in new civil actions. The Court also dismisses the mental health treatment claims that accrued after February 27, 2016, for failure to state a claim.

The Court also dismisses without prejudice the New York City Board of Elections and the New York City Department of Correctional Services security personnel.

The Court further dismisses DHS for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   August 28, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____  CV  _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                                   Signature

Name                                                 Prison Identification # (if incarcerated)

Address                                City          State        Zip Code

Telephone Number (if available)                      E-mail Address (if available)