UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEXTER MURRAY,<br><br>                        Plaintiff,<br><br>-against-<br><br>PATRICIA MIDDLETON; NEW YORK CITY HOUSING AUTHORITY; NEW YORK CITY,<br><br>                        Defendants. | CIVIL ACTION NO.: 19 Civ. 1959 (PAE) (SLC)<br><br>**ORDER OF SERVICE** |

**SARAH L. CAVE**, United States Magistrate Judge.

Plaintiff brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated March 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.[1]

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Patricia Middleton, the New York City Housing Authority (NYCHA), and the City of New York through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the address below, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Middleton, NYCHA, and the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 13, 2019
New York, New York

_____
SARAH L. CAVE
United States District Judge

Mail to: Dexter Murray
959 St. Marks Ave.
Apt. 2-B
Brooklyn, NY 11213

**DEFENDANTS AND SERVICE ADDRESSES**

1. Patricia Middleton
   314 West 40th Street
   New York, NY 10018

2. New York City Housing Authority
   250 Broadway, 9th Floor
   New York, N.Y. 10007

3. City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007